**Amy Edwards, OSB No. 012492**
amy.edwards@stoel.com
**Crystal S. Chase, OSB No. 093104**
crystal.chase@stoel.com
STOEL RIVES LLP
900 SW Fifth Avenue, Suite 2600
Portland, OR  97204
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendants Select Portfolio Servicing, Inc. and Bank of New York Mellon, NA

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ELIZABETH SHERBOW and THEODORE SHERBOW,<br><br>            Plaintiffs,<br><br>     v.<br><br>NORTHWEST TRUSTEES SERVICES, INC.; BANK OF NEW YORK MELLON, NA; MORTGAGE ELECTRONIC RECORDING SYSTEM; and SELECT PORTFOLIO SERVICING, INC.,<br><br>            Defendants. | Case No.: 0:16-cv-00656<br><br>(Jackson County Circuit Court Case No. 16CV08624)<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441** |

**TO:**     **THE CLERK OF COURT OF THE ABOVE-ENTITLED COURT**

**AND TO:**     **PLAINTIFFS ELIZABETH SHERBOW AND THEODORE SHERBOW**
     (*PRO SE*)**:**

Page 1   -   NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441

**PLEASE TAKE NOTICE** that ("SPS"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Bank of New York Mellon, NA, whose proper name is Bank of New York Mellon, F/K/A the Bank of New York, as Trustee, on behalf of the Holders of the Alternative Loan Trust 2006-41CB, Mortgage Pass-Through Certificates Series 2006-41CB (the "Trust") (collectively "Defendants") hereby remove to this Court the state court action described below.

1. On March 15, 2016, an action was commenced in the Circuit Court of the State of Oregon in the County of Jackson, entitled *Elizabeth Sherbow, et al v. Northwest Trustees Services, Inc., et al.*, Case No. 16CV08624 ("Jackson County Action"). A copy of the court file in the Jackson County Action, including the Proof of Service and Complaint, is attached as Exhibit 1. Defendants received a copy of the Summons and Complaint on or after March 21, 2016.

2. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441 because there is complete diversity of citizenship between Plaintiffs Elizabeth and Theodore Sherbow ("Plaintiffs") and Defendants, and the amount in controversy, exclusive of interests and costs, exceeds $75,000.

3. Plaintiffs are Oregon residents, and therefore citizens of Oregon. (*See also* Compl. ¶¶ 1, 2 (alleging that "Plaintiffs were residents of Jackson County, Oregon" and that "[t]he real property that is the subject of this complaint is . . . located in Jackson County, Oregon").

4. None of Defendants are Oregon citizens for purposes of diversity jurisdiction.

    a. The Trust: A trust's citizenship is based on the citizenship of the trustee. *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Here, the trustee, Bank of New York Mellon, NA, is a national

Page 2 - NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441

    bank association, with its principal place of business in New York, New York. Accordingly, for diversity purposes, the Trust is a citizen of New York. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307, 126 S.Ct. 941 (2006) (a bank's citizenship is determined by the location of its main office, as set forth in its articles of association; referring to 28 U.S.C. §§ 348).

  b. <u>Northwest Trustee Services, Inc. ("NW Trustee")</u>: NW Trustee is a Washington corporation with its principal place of business in Washington. Accordingly, for diversity purposes, NW Trustee is a citizen of Washington. 28 U.S.C. § 1332(c)(1); *see also, e.g.*, *Breitman v. May Co. California*, 37 F.3d 562, 564 (9th Cir. 1994).

  c. <u>SPS</u>: SPS is a Utah corporation with its principal place of business in Salt Lake City, Utah. Accordingly, for diversity purposes, SPS is a citizen of Utah. 28 U.S.C. § 1322(c)(1)

  d. <u>MERS</u>: MERS is a Delaware corporation with its principal place of business in Reston, Virginia. Accordingly, for diversity purposes, MERS is not a citizen of Oregon. 28 USC § 1322(c)(1).

5. The amount in controversy exceeds $75,000, exclusive of interest and costs. In actions seeking declaratory judgment or injunctive relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977). Here, the object in dispute is the real property that Plaintiff owns in Jackson County, Oregon ("Property"). (Compl. ¶ 2.) Plaintiff seeks declaratory and injunctive relief regarding that Property, and Plaintiff alleges that he borrowed $298,000 to purchase the same. (Compl. ¶ 5.) Accordingly, the amount in controversy requirement is satisfied. *See Chapman v.*

Page 3 - NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441

86323647.1 0052161-03375

*Deutsche Bank Nat. Trust Co.*, 651 F.3d 1039, 1045 n.2 (9th Cir. 2011); *Schickling v. Moynihan*, No. 6:12-cv-385-AA, 2012 WL 5398394, at *1, n.1 (D. Or. Oct. 31, 2012) (noting "the court presumes the value of plaintiffs' property exceeds $75,000" as to subject matter jurisdiction over a wrongful foreclosure claim).

  5. Defendant NW Trustee consents to removal of the Jackson County Action to this Court.  *See* 28 U.S.C. § 1446(b)(2)(A).  Defendant NW Trustee will submit a joinder of Notice of Removal contemporaneously with this Notice.

  6. Defendants have not yet answered or otherwise replied to the Complaint filed in this action, nor has its time to respond expired.[1]

  7. Removal to the United States District Court for the District of Oregon, Medford Division, is proper under 28 U.S.C. § 1441 and Local Rule 3-2(a)(4) because the Complaint was filed in the Circuit Court for the County of Jackson.

  8. Pursuant to 28 U.S.C. § 1446(d), upon filing of this Notice of Removal, Defendants shall promptly serve written notice thereof to Plaintiffs, and Defendants shall file copies of the Notice of Removal with the Clerk of the Circuit Court of the State of Oregon for the County of Jackson in accordance with 28 U.S.C. § 1446(d).  The Notice of Filing Notice of Removal will be filed in the Circuit Court in the State of Oregon for the County of Jackson promptly after this Notice of Removal, and a copy will be served on Plaintiffs.

  9. Plaintiffs are listed on the electronic docket for the Jackson County Action as "*pro se*".

---

[1] Concurrently with this Notice of Removal, Defendants SPS and MERS submit corporate disclosure statements.  Because The Trust is a securitized trust, and not a corporate entity, no corporate disclosure statement is submitted for it.

10. By filing this Notice, Defendants do not waive, and expressly reserves, any defenses which may be available.

WHEREFORE, Defendant removes the above-captioned action now pending against it in the Circuit Court of the State of Oregon for the County of Jackson to the United States District Court for the District of Oregon, where it shall proceed as an action originally commenced there.

DATED: April 18, 2016.

STOEL RIVES LLP

*/s/ Crystal S. Chase*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
Telephone: (503) 224-3380

Attorneys for Defendants Select Portfolio Servicing, Inc., Bank of New York Mellon, NA, and MERS

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441** on the following named person(s) on the date indicated below by

- ☒ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☒ email

to said person(s) a true copy thereof, contained in a sealed envelope if by mail, addressed to said person(s) at his or her last-known address(es) indicated below.

    Theodore & Elizabeth Sherbow
    3135 Alameda Street, #2
    Medford, OR 97504
    Email: tsherbow@mail.com

DATED: April 18, 2016.

    */s/ Crystal S. Chase*
    AMY EDWARDS, OSB No. 012492
    amy.edwards@stoel.com
    CRYSTAL S. CHASE, OSB No. 093104
    crystal.chase@stoel.com

    Of Attorneys for Defendants Select Portfolio Servicing, Inc., Bank of New York Mellon, NA, and MERS