Amy Edwards, OSB No. 012492
amy.edwards@stoel.com
Crystal S. Chase, OSB No. 093104
crystal.chase@stoel.com
STOEL RIVES LLP
760 SW Ninth Avenue, Suite 3000
Portland, OR  97205
Telephone:  (503) 224-3380
Facsimile:  (503) 220-2480

Attorneys for Defendant Select Portfolio Servicing, Inc., Mortgage Electronic Registration System, and Bank of New York Mellon, N/A

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| ELIZABETH SHERBOW and THEODORE SHERBOW,<br><br>    Plaintiffs,<br><br> v.<br><br>NORTHWEST TRUSTEES SERVICES, INC.; BANK OF NEW YORK MELLON, NA; MORTGAGE ELECTRONIC RECORDING SYSTEM; and SELECT PORTFOLIO SERVICING, INC.,<br><br>    Defendants. | Case No.: 1:16-cv-00656-MO<br><br>DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT |

## LOCAL RULE 7-1(a) COMPLIANCE

Pursuant to Local Rule 7-1(a), counsel for the undersigned Defendants certifies that she

conferred in good faith on the telephone with Plaintiff Theodore Sherbow regarding the

Page 1 -    DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

declaratory judgment claims on May 5, 2016 and that the amendments to the complaint did not materially change those claims. The undersigned counsel certifies further that she conferred in good faith on the telephone with Plaintiff Theodore Sherbow (*pro se*) on May 31, 2016 regarding the bases of this motion as to the tort claims (counts 2 and 3). The parties were unable to resolve their dispute via conferral.

## MOTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Bank of New York Mellon, NA (whose proper name is Bank of New York Mellon, F/K/A the Bank of New York, as Trustee, on behalf of the Holders of the Alternative Loan Trust 2006-41CB, Mortgage Pass-Through Certificates Series 2006-41CB) (the "Trust"), and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants") move the Court to dismiss Plaintiff's Amended Complaint.[1] In support of this motion, SPS relies upon the accompanying memorandum and the declaration of Amy Edwards filed in support of the original motion to dismiss on May 10, 2016 ("Edwards Decl.") (Dkt. #18).

## INTRODUCTION

I. **BACKGROUND**

A. **The Parties and The Loan.**

Plaintiffs are owners of real property commonly known as 741 Salishan Court, Ashland, Oregon located in Jackson County, Oregon ("Property"). (Am. Compl. ¶ 7.) Plaintiffs purchased the property using a $298,000 promissory note ("Note") that is secured by a recorded

---

[1] Plaintiff has erroneously named MERS as "Mortgage Electronic Recording System" and the Trust as "Bank of New York Mellon, NA."

Page 2 -  DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

deed of trust ("Trust Deed") (collectively, "Loan").  (Am. Compl. ¶ 6 & Ex. 1A (Note); Edwards Decl. Ex. 1 (Trust Deed).) [2]

MERS is the beneficiary under the Trust Deed acting as nominee for the lender on the Trust Deed and that lender's assigns.  (Edwards Decl. Ex. 1 at 2.)  The Trust has been assigned the Trust Deed by way of recorded assignment. (Edwards Decl. Ex. 2 (Assignment).)  SPS is the servicer on the Loan.  (Edwards Decl. Ex. 3 (Limited Power of Attorney).)

### B. The Oregon Foreclosure Assistance Program.

Under Oregon law, a beneficiary that intends to foreclose a residential trust deed must request a resolution conference through the Oregon Foreclosure Assistance Program ("OFAP") prior to initiating foreclosure proceedings.  ORS 86.726(1); *see also generally* OAR chapter 137, division 110.  OFAP then schedules a resolution conference and mails notice to both the beneficiary and the borrower.  ORS 86.729(1).  Either the beneficiary or the beneficiary's agent may appear on behalf of the beneficiary at that conference.  OAR 137-110-0010(3).  Following that conference, OFAP issues a certificate of compliance to the beneficiary if the beneficiary complied with all the requirements and attended the conference.  ORS 86.736.  After receipt of that certificate of compliance, the beneficiary can proceed with foreclosure proceedings.  *See* ORS 86.726.

---

[2] Defendants request that the Court take judicial notice of Exhibits 1 - 4 to the Edwards Declaration because each of those documents is a recorded public record. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986); *Nelson v. Am. Home Mortg. Servicing, Inc.*, No. 3:13-CV-00306-BR, 2013 WL 3834656, at *1 (D. Or. July 24, 2013) (collecting cases of District of Oregon decisions taking judicial notice of publicly recorded documents).  As to the Note and other exhibits to Plaintiff's Complaint, those may also be considered properly in evaluating this motion to dismiss.  *See Nat'l Assoc. for the Advancement of Psychoanalysis v. Cal. Bd. of Psychology*, 228 F.3d 1043, 1049 (9th Cir. 2000) ("In determining whether plaintiffs can prove facts in support of their claim that would entitle them to relief, we may consider facts contained in documents attached to the complaint.").

Page 3 -    DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT
              PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO
              DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

In November 2014, SPS, on behalf of the Trust, requested a resolution conference. (Am. Compl. ¶ 12.) The OFAP subsequently held mediation conferences on September 2, 2015 and October 7, 2015. (Am. Compl. ¶¶ 14 & Ex. 6.) Following those conferences, the OFAP issued a certificate of compliance to the Trust ("Certificate of Compliance"). (Compl. ¶ 15 & Ex. 5; *see also* Edwards Decl. Ex. 4 at 5 (same).) Defendant Northwest Trustee Services, Inc. ("NWTS") then proceeded towards a foreclosure sale on the Property. (Compl. ¶ 16; Edwards Decl. Ex. 4.) Borrowers challenge that foreclosure.

## II.    DISCUSSION

Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." To survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A claim is facially plausible when it contains factual content that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct, *id.* at 556, a standard that requires "more than a sheer possibility that a defendant has acted unlawfully," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief[,]" and dismissal is appropriate. *Iqbal*, 556 U.S. at 678 (internal quotation marks and citation omitted). Moreover, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient. *Id.*

Here, Plaintiffs first bring three claims: Declaratory Judgment (Count One), Tortious Interference With Economic Relations (Count Two), and Slander of Title (Count Three). Each of those claims are premised on same theory, *viz.*,—that the Certificate of Compliance issued by the

Page 4    -    DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT
PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO
DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

OFAP is "null and void" and therefore cannot serve as the basis for the foreclosure of the Property. (Am. Compl. ¶¶ 23.) Because each of those claims improperly seek to collaterally attack a valid administrative order, they fail to state a claim for relief and must be dismissed. Even if the Court does examine Plaintiff's allegations, however, Plaintiffs have failed to state a claim for relief.

### A.     Because Plaintiffs Cannot Use this Proceeding to Collaterally Attack an Otherwise Valid Agency Order, Plaintiffs' Entire Amended Complaint Must Be Dismissed.

Under the Oregon Administrative Procedures Act ("APA"), an "order" is "any agency action expressed orally or in writing directed to a named person or persons, other than employees, officers or members of an agency." Or. Rev. Stat. § 183.310(6)(a). Here, with the Certificate of Compliance, the OFAP certifies in writing that the beneficiary complied with applicable requirements under Oregon law. That certification is directed to both the named grantor and the named beneficiary. Accordingly, the Certificate of Compliance is an "order" under the Oregon Administrative Procedures Act.

Because the Certificate of Compliance was not issued following a contested case proceeding, it is an order in other than a contested case. *See Oregon Enviro. Council v. Oregon State Bd. Of Education*, 307 Or. 30, 37-38, 761 P.2d 1322 (1988). As such, if Plaintiffs wanted to seek judicial review of the validity of the Certificate of Compliance, their remedy was to file a petition for judicial review in the applicable circuit court within 60 days of the issuance of the Certificate of Compliance. ORS 183.484(2). Moreover, that remedy was exclusive: the availability of judicial review forecloses any claim for declaratory relief. *See, e.g.*, *Ashland Drilling, Inc. v. Jackson County*, 168 Or. App. 624, 630, 4 P.3d 748 (2000) ("[W]hen there is an administrative remedy, review of that remedy is exclusively under the APA."); *Pen-Nor, Inc. v.*

Page 5  -   DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT
             PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO
             DISMISS PLAINTIFFS' AMENDED COMPLAINT

*Or. Dep't of Higher Educ.*, 87 Or. App. 305, 308-09, 742 P.2d 643 (1987) ("If plaintiff has a remedy under the APA, it is precluded from obtaining a declaratory judgment.").

Having failed to directly appeal the Certificate of Compliance, Plaintiffs cannot collaterally attack its validity in this proceeding.  On this point, *Skeen v. Dep't of Human Resources*, 171 Or. App. 557, 562, 17 P.3d 526 (2000), is instructive.  In *Skeen*, the applicable state agency suspended and then revoked the plaintiffs' certificates to operate a foster home.  *Id.* at 559.  The plaintiffs sought judicial review of that order and lost.  *Id.*  The plaintiffs then brought a negligent infliction of emotional distress claim.  *Id.*  To avoid issue preclusion of that claim, the plaintiffs attempted to argue that the agency director had committed procedural error in the administrative proceeding.  *Id.* at 561.  The Court of Appeals rejected that argument, explaining that it was "in substance, a collateral attack on the final administrative order" and that "[p]rocedural error in an earlier proceeding . . . is not a cognizable basis for a subsequent collateral attack on the decision in that proceeding."  *Id.* at 562.  *Skeen* is directly applicable here:  Plaintiffs cannot use this proceeding—litigation between private parties filed more than 60 days after issuance of the Certificate of Compliance—to collaterally attack whether the OFAP followed the correct procedures in issuing the Certificate of Compliance.  For this reason alone, each of Plaintiffs' claims should be dismissed.

> **B.     Separately, Plaintiffs' Declaratory Judgment Claim Must Be Dismissed Because The Supporting Allegations Are Undermined by the Supporting Documents Incorporated Into The Amended Complaint.**

Separately, Plaintiffs' claim for declaratory judgment (Count One) must also be dismissed because the documents that Plaintiffs attach or otherwise incorporate by reference into their Complaint undermine their allegations, such that Plaintiffs fail to state a claim for relief.

Page 6 -   DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

Specifically, Plaintiffs' First Claim for Relief is based on the theory that SPS was "ineligible to participate in OFAP." (Am. Compl. ¶ 21.) But the recorded Limited Power of Attorney reflects that SPS had authority to act on behalf of the Trust. (Edwards Decl. Ex. 3.) And Plaintiffs' allegations regarding whether the Assignment had any "legal effect" are irrelevant, because even without a recorded formal assignment of a deed of trust, the Trust may enforce the Trust Deed merely by virtue of assignment of the Note. *West v. White*, 307 Or 296, 300, 768 P2d 383 (1988) (assignment of note carries with it accompanying security interest); *Brandrup*, 353 Or at 694 (when promissory note changes hands, beneficial interest in accompanying deed of trust "follows the promissory note that it secures" by operation of law). Plaintiffs do not allege that the Note has not been transferred to the Trust. Plaintiffs further provide no factual allegations which support why the Trust lacked authority to—through its agent, SPS—proceed through the OFAP mediation process. Accordingly, Plaintiffs' declaratory judgment claim must be dismissed for failure to state a claim for relief.

Plaintiffs' allegations regarding MERS' involvement are entirely irrelevant. Plaintiffs misread *Brandrup v. ReconTrust Co., N.A.*, 353 Or. 668, 303 P.3d 301 (2013) and its companion case *Niday v. GMAC Mortgage, LLC*, 353 Or. 648, 302 P.3d 444 (2013). Those cases make clear that MERS' involvement in assignments of trust deeds does not render those assignments *per se* invalid. Rather, MERS can validly assign trust deeds in Oregon as an agent for the beneficiary. *Niday*, 353 Or. at 664 ("[A]s this court recognized in *Brandrup* . . . , even if MERS lacks authority to act as the trust deed's beneficiary, it may have authority to act *on behalf of* the beneficiary if it can demonstrate that it has an agency relationship with the beneficiary"); *see also Staton v. Bank of Am. (BAC) Home Loans Servicing, LP*, No. 10-cv-01306, 2014 U.S. Dist. LEXIS 62377, at *20 (D. Or. May 6, 2014) ("While *Brandrup* did hold that MERS could not

Page 7 -    DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT
            PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO
            DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

satisfy the statutory definition of a beneficiary, there is nothing in that decision to support the contention that the mere involvement of MERS in the loan will render the lien invalid."). Therefore, Plaintiff cannot rely on MERS' involvement in the 2012 assignment to claim that the assignment is *per se* invalid. Nor does Oregon law require that transfer of trust deeds by operation of law be recorded. *See* Or. Rev. Stat. § 86.752(1); *Niday*, 353 Or. at 661-62. Plaintiffs' arguments regarding MERS' involvement do not save their flawed declaratory judgment claim.

>    C.   **Plaintiffs' Tortious Interference With Economic Relations Claim (Count Two) Does Not State a Claim for Relief and Must Be Dismissed.**

Plaintiffs' claim for tortious interference with economic relations fails to state a claim for relief and must be dismissed. The elements of a claim for tortious interference with economic relations are: (1) the existence of a professional or business relationship; (2) intentional interference with that relationship; (3) by a third party; (4) accomplished through improper means or for an improper purpose; (5) a causal effect between the interference and damage to the relationship; and (6) damages. *McGanty v. Staudenraus*, 321 Or. 532, 535, 901 P.2d 841 (1995).

Here, Plaintiffs have not alleged facts sufficient to support the first or fifth elements. Plaintiffs allege the bare legal conclusion that Defendants have "interfered with contractual relations with buyers ready, willing and able to purchase the Property." (Am. Compl. ¶ 35(d).) But Plaintiffs allege no existing contractual relationship or definite prospective contractual relationships, let alone any that were in existence at the time of SPS's participation in the Oregon Foreclosure Assistance Program ("OFAP") or at the time of the 2012 or 2015 Assignments of Trust Deed. Nor have Plaintiffs alleged how any actions taken by Defendants caused damages to any actual relationship or prospective contractual relationship. Rather, Plaintiffs allege only that no persons will sign a contract to purchase the Property following the issuance of the Notice of

Page 8  -   DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT
             PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO
             DISMISS PLAINTIFFS' AMENDED COMPLAINT

Default by Northwest Trustee—an action permitted by the Trust Deed and Oregon law. (Am. Compl. ¶ 31.) Those allegations are too speculative to support a claim for tortious interference. *See Holloway v. Clackamas River Water*, Civ. No. 3:13-cv-01787-AC, 2015 U.S. Dist. LEXIS 164385, at *26 (D. Or. Oct. 2, 2015), *adopted by* 2015 U.S. Dist. LEXIS 160597 (D. Or. Nov. 25, 2015) ("to prove a claim for intentional interference with a prospective business relationship, the plaintiff must show that the business relationship at issue was a 'proposed business relationship' and not simply a hypothetical opportunity which could arise in the future.") Indeed, Plaintiffs do not allege interference with a <u>third-party relationship</u> at all, but rather an impairment of their the marketability and title of their Property. (Am. Compl. ¶ 35(a).)

Nor has Plaintiff alleged facts sufficient to establish the fourth element, *viz.*,—that any actions were accomplished through improper means or for an improper purpose. As explained *supra* and in the Motion to Dismiss, the Trust has been assigned the Trust Deed, including as reflected in the recorded assignment. (Edwards Decl. Ex. 2.) SPS participated in the OFAP on behalf of the Trust pursuant to a Limited Power of Attorney. (*Id.* Ex. 3.) Plaintiffs have identified no facts which would support the conclusion that the 2009 Assignment of Trust Deed is invalid or, as Plaintiffs allege, "false." For each of those reasons, Plaintiffs have failed to satisfy the fourth element because they have not pleaded facts to support that Defendants acted through improper means or with improper purpose.

        **D.**    **Plaintiffs Claim for Slander of Title (Count Three) also Must Be Dismissed for Failure to State a Claim for Relief.**

Plaintiffs' claim for Slander of Title (Count Three) fails to state a claim for relief because Plaintiffs allege insufficient facts to establish the elements of a slander of title claim. The elements of a slander of title claim are: (1) a published statement that disparages a person's title; (2) that is false; (3) that is made with malice; and (4) special damages. *Miller v. C.C. Meisel Co.,*

Page 9  -   DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

183 Or. App. 148, 169, 51 P.3d 650 (2002) (citing *Cawrse v. Signal Oil Co.,* 164 Or. 666, 670, 103 P.2d 729 (1940)).  Special damages means a pecuniary loss resulting from the presence of a "recorded encumbrance or other claim of interest."  *Longley v. Wells Fargo Bank, N.A.*, No. 11-3009-CL, 2011 WL 1637334, at *4 (D. Or. Mar. 29, 2011) (citing *Shenefield v. Actell,* 274 Or. 279, 282 n.3, 545 P.2d 876 (1976)).  Plaintiffs fail to allege sufficient facts in support of the first, second, and fourth elements of a slander of title claim.

Plaintiffs' claims fail because they do not identify false any published statements.  To the extent that Plaintiffs' slander of title claims are based on SPS's participation in the OFAP, (*see* Am. Compl. ¶ 38(b)-(d)), those allegations are insufficient to support a slander of title claim, because such a claim must be premised on public publication of a written statement.  *See Cawrse*, 164 Or. at 670.[3]  The remaining statement underlying the slander of title claim (alleged either against the Trust or MERS) is the signing and recording of the 2012 Assignment of Trust Deed and the 2015 Corrective Assignment of Trust Deed.  (Am. Compl. ¶ 38(a).)[4]  But Plaintiffs fail to allege—nor can they allege—how those actions were "false."  Additionally, none of the actions allegedly taken by Defendants disparage the title held by Plaintiffs:  Rather, it is undisputed that Plaintiffs are the fee owners of the Property at issue (Am. Compl. ¶ 7) subject to the lien created by the Loan (*Id.* ¶ 9).

Nor do Plaintiffs sufficiently allege facts sufficient to support special damages.  Neither the Assignments nor SPS' participation in the OFAP constitute a "recorded encumbrance or other claim of interest."  *Longley* 2011 WL 1637334, at *4.  Plaintiffs cannot allege that

---

[3] Additionally, those actions were entirely proper and there was no "falsity" involved for the reasons explained in the Motion to Dismiss.

[4] Plaintiffs also allege slander of title based on certain statements made by defendant Northwest Trustee.  (Am. Compl. ¶ 38(f), (g)).

Page 10 -   DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

recording of the Assignment (which reflects not an encumbrance but merely a transfer of interest) or participation in the OFAP (which is not a recorded encumbrance) created the specific kind of special damages required for a slander of title claim.

### III.  Conclusion.

Plaintiffs have not pleaded a cognizable claim for relief, nor can they do so.  For those reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Amended Complaint against The Trust, MERS, and SPS with prejudice.

DATED:  June 1, 2016.

STOEL RIVES LLP

*/s/ Amy Edwards*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
Telephone:  (503) 224-3380

Attorneys for Defendants Select Portfolio Servicing, MERS, and Bank of New York Mellon

Page 11 -   DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT

86678144.2 0052161-02405

# CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing DEFENDANT BANK OF NEW YORK MELLON, NA, MERS, AND SELECT PORTFOLIO SERVICING, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT on the following named person(s) on the date indicated below by

- ☒ mailing with postage prepaid
- ☐ hand delivery
- ☐ facsimile transmission
- ☐ overnight delivery
- ☒ email
- ☐ notice of electronic filing using the Cm/ECF system

to said person(s) a true copy thereof, contained in a sealed envelope, addressed to said person(s) at his or her last-known address(es) indicated below.

Theodore & Elizabeth Sherbow
3135 Alameda Street, #2
Medford, OR 97504
Email: tsherbow@mail.com

DATED: June 1, 2016.

STOEL RIVES LLP

*/s/ Amy Edwards*
AMY EDWARDS, OSB No. 012492
CRYSTAL S. CHASE, OSB No. 093104
Telephone: (503) 224-3380

Attorneys for Defendants Select Portfolio Servicing, MERS, and Bank of New York Mellon

Page 1 -   CERTIFICATE OF SERVICE

86678144.2 0052161-02405