Theodore Sherbow
Plaintiff, pro se
3135 Alameda St. #2
Medford, Oregon 97504
Telephone: 541-973-2707

## UNITED STATES DISTRICT COURT

### DISTRICT OF OREGON

### MEDFORD DIVISION

ELIZABETH SHERBOW and
THEODORE SHERBOW,

Plaintiffs

NORTHWEST TRUSTEES SERVICES,
INC., et al

Defendants

Case No.: 16-cv-00656-MO

MOTION TO AMEND
AND ADD COUNT FOUR
TO AMENDED COMPLAINT

## LOCAL RULE 7.1 COMPLIANCE

Pursuant to Local Rule 7.1 the undersigned, Theodore Sherbow, pro se, certifies that

after discussions in good faith, the attorneys for Defendants were unable to give their

written consent to Plaintiffs' request to add Count Four to the Amended Complaint.

## MOTION

Pursuant to Federal Rule of Civil Procedure 15(a)(2) Plaintiffs move the court for

leave to allow Plaintiffs to add Count Four (attached as Exhibit A) to the Amended

Complaint and for reasons state:

1

1. On July 5, 2016 Defendants concluded a nonjudicial foreclosure of Plaintiffs' property, 741 Salishan Court, Ashland, Oregon, and sold said property at public auction.

2. After Plaintiffs received confirmation of the sale, Plaintiffs unsuccessfully attempted to obtain the written consent of Defendants to add Count Four to the Amended Complaint.

3. Under Oregon law Plaintiffs were not allowed to assert a claim for wrongful foreclosure of Plaintiffs' trust deed until a foreclosure had actually occurred.

4. Since a foreclosure of Plaintiffs' property actually occurred on July 5, 2016, it is appropriate at this time for Plaintiffs to claim in Count Four, which is to be added to the Amended Complaint, that Defendants on July 5, 2016 wrongfully foreclosed the Plaintiffs' property and trust deed as alleged in Count Four.

## MEMORANDUM

Oregon recognizes an action for wrongful foreclosure of a trust deed so long as the claim asserted is after a foreclosure has been completed. *Tabb v. One West Bank, et al*, 2011 WL 44448752, (D. Oregon); *Subramaniam v. Beal*, 2013 WL 5462339, (D. Oregon).

A nonjudicial foreclosure of Plaintiffs' property was concluded on July 5, 2016; and therefore, it is appropriate for Plaintiffs to assert such a claim at this time.

## CONCLUSION

For the foregoing reasons Plaintiffs respectfully request the Court pursuant to Rule

15(a)(2) to insert Count Four (Attachment-Exhibit A) to Plaintiff's Amended Complaint .

Dated: July 21, 2016

 

Theodore Sherbow, Plaintiff, pro se

## CERTIFICATE OF SERVICE

I hereby certify that I served a copy of the foregoing Motion on the following named

persons on the date indicated below by mailing with postage prfepaid to said person a

true copy  hereof contained in a sealed envelope addressed to said persons at his or her

last know address indicated below.

Amy Edwards, Crystal S. Chase
Stoel Rives
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

John M. Thomas
RCU Legal
511 SW  10th Ave., Suite 400
Portland, OR 97205

Dated: July 21, 2016

 

Theodore Sherbow, Plaintiff, pro se

3

**Theodore Sherbow**                          <u>EXHIBIT A</u>
Plaintiff, pro se
3135 Alameda Street #2
Medford, OR 97504
Telephone: 541-973-2707
Facsimile: 541-973-2707


UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

MEDFORD DIVISION

ELIZABETH SHERBOW and                 Case No. 1:16-cv-00656-MO
THEODORE SHERBOW
    Plaintiffs                        WRONGFUL FORECLOSURE OF
                                      PLAINTIFFS' DEED OF TRUST
    v.
NORTHWEST TRUSTEES SERVICES, INC.
    et al
    Defendants


COUNT FOUR

(Wrongful Foreclosure of Trust Deed)

45. Plaintiffs re-allege paragraphs 5, 6 and 9 through 24 of Count One which are

incorporated herein by reference.

46. Plaintiffs allege that the allegations set out in Cont Four apply to Bank as principal of

Northwest and as the entity which authorized SPS to sign on May 4, 2025 the invalid

Appointment of Successor Trustee and to SPS as the signatory of an invalid Appointment

of Successor Trustee.

1

47. On July 5, 2016 Defendants concluded a nonjudicial foreclosure of Plaintiffs' property, 741 Salishan Court, Ashland Oregon and sold said Property at public auction using an improper and illegal nonjudicial foreclosure procedure. This was the final act by Defendants in a series of improper and illegal actions set out below which began June 1, 2012 with the execution of an invalid assignment from MERS to Bank, all of which ultimately resulted in the improper and illegal nonjudicial foreclosure and sale of Plaintiffs' property on July 5, 2016.

48. The following illegal and improper actions by, or performed by, or on behalf of Defendants, were all in violation of the decision of *Brandrup,* ORS 86.705 et seq, and OFAP and ultimately resulted in the improper and illegal nonjudicial foreclosure at a public auction of Plaintiffs' property on July 5, 2016.

    a. signing and recording of Assignments dated June 1, 2012 and March 23, 2015;

    b. request by SPS to participate in OFAP in November, 2014;

    c. SPS permitting the Mediation Case Manager to open File B1 141 1126-1210 after Plaintiffs had protested that SPS was not a beneficiary and therefore ineligible to participate in OFAP;

    d. attending and participating in mediation conferences on September 2, 2015 and October 7, 2015 after Plaintiffs had protested that SPS was not a beneficiary and therefore ineligible to participate in OFAP;

    e. signing and recording the Assignment of Successor Trustee on May 4, 2015;

    f. preparation, publishing and distributing of Notice of January 14, 2016 by Northwest advising that Plaintiffs' property would be sold at public auction;

    g. refusal by Northwest on or about February 2, 2016 to cease and desist from

2

selling Plaintiffs' property at public auction; and

h.  the selling of Plaintiffs' property at public auction on July 5, 2016 using an improper and illegal nonjudicial foreclosure proceeding.

49. The aforementioned improper and illegal acts of Defendants constituted wrongful foreclosure of Plaintiffs' trust deed and Plaintiffs' property and were conducted in bad faith with malicious intent and motive and with the intent of unjustly enriching Bank, SPS and Northwest when they knew that none of them was a beneficiary of Plaintiffs' deed of trust.

WHEREFORE Plaintiffs pray for the following relief from Defendants:

1.  Judgment in the amount of Seventy "Five Thousand Dollars ($75,000) in general, compensatory and special damages;

2.  For Plaintiffs' costs and disbursements herein;

3.  For the Mandatory injunction requested above in paragraph 36; and

4.  For such other relief that the Court deems fair and proper.

Dated: July 21, 2016

_____              _____
Theodore Sherbow, pro se                    Elizabeth Sherbow, pro se

3

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Count Four on the following named

persons on the date indicated below by mailing with postage prepaid to said persons a

true copy thereof, contained in a sealed envelope addressed to said persons at his or her

last known address indicated below.

Amy Edwards
Crystal S. Chase
Stoel Rives
760 SW Ninth Avenue, Suite 3000
Portland, OR 97205

John M. Thomas
RCO Legal
511 SW 10th Ave., Suite 400
Portland, OR 97205

DATED: July 21, 2016

THEODORE SHERBOW, Plaintiff, pro se

4

—